IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE CHRISTIAN, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LEAFFILTER NORTH, LLC,<br><br>　　　　Defendant. | Case No. 25-cv-02866-CRB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO ALTER JUDGMENT** |

Defendant moves to alter this Court's order dismissing the case for a lack of subject matter jurisdiction. While Defendant points to potential tension between the Court's decision and Ninth Circuit law regarding jurisdiction conferred by the Class Action Fairness Act ("CAFA"), the Court's decision that it lacked jurisdiction was not manifest error and is in accord with both circuit precedent and CAFA. Accordingly, the Court DENIES the motion.[1]

I.   **BACKGROUND**

Plaintiffs brought a purported class action against Defendant arguing that its sales and marketing tactics violated the Federal Trade Commission Act and California law. Compl. (dkt. 1). Plaintiffs' only basis for this Court's jurisdiction was CAFA. Id. at ¶ 21. Defendant moved to dismiss the complaint for failure to state a claim or, alternatively, to strike Plaintiffs' class allegations. MTD (dkt. 18). The Court granted Defendant's motion to strike because Plaintiffs' claims were "inherently unsuitable for class treatment." Order (dkt. 42) at 6–7. Accordingly, after striking class allegations, the Court determined

---

[1] Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for resolution without oral argument.

"Plaintiffs' jurisdictional hook no longer exist[ed]" and dismissed the case for lack of subject matter jurisdiction. Id. at 7–8. Plaintiffs filed a notice of appeal on the same day. Notice of Appeal (dkt. 44). Defendant now brings a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) and argues the loss of class action status does not divest the Court of subject matter jurisdiction. Mot. (dkt. 50) at 5.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a party to move the Court to "alter or amend a judgment no later than 28 days after the entry of judgment." This rule "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted). A Rule 59(e) motion 'should not be granted, absent highly unusual circumstances[.]" Id. Such circumstances include "four basic grounds": (1) "to correct manifest errors of law or fact upon which the judgment rests"; (2) "to present newly discovered or previously unavailable evidence"; (3) "to prevent manifest injustice"; or (4) "if the amendment is justified by an intervening change in controlling law." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). The "district court enjoys considerable discretion in granting or denying the motion." Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).

## III. DISCUSSION

Citing Ninth Circuit law, Defendant effectively argues the Court committed manifest error in dismissing the case for lack of jurisdiction after striking the class allegations. Mot. at 5. Plaintiffs contend that Defendant's cited authority is inapplicable to this case. Opp'n (dkt. 51) at 12. They also argue denying Defendant's motion would preserve judicial economy through appellate review. Id. at 17–18. The Court agrees with Plaintiffs and denies the motion.

### A. Manifest Error

CAFA confers subject matter jurisdiction over actions where the amount in controversy exceeds $5 million and there is minimal diversity. Ehrman v. Cox Commc'ns,

2

Inc., 932 F.3d 1223, 1226 (9th Cir. 2019); see also 28 U.S.C. § 1332(d)(2).  The statute applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).  Circuit courts have interpreted the statutory text to mean "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing." United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1091–92 (9th Cir. 2010) (denial of certification does not divest jurisdiction); see also Kress Stores of Puerto Rico, Inc. v. Wal-Mart Puerto Rico, Inc., 121 F.4th 228, 234 (1st Cir. 2024) ("The statutory text instead signals clearly that CAFA jurisdiction, when properly invoked, continues to apply regardless whether the court grants or denies class certification"); Coba v. Ford Motor Co., 932 F.3d 114, 119 (3d Cir. 2019) (same).

Defendant argues this "uniform rule among the circuits" involving denial of class certification also applies here, where the Court struck class allegations from the pleadings. Mot. at 6.  Plaintiffs dispute such an application.  They point out that Shell Oil does not apply when class action status was improper from the beginning.  Opp'n at 12.  The Court agrees.

The Ninth Circuit was clear that district courts retain jurisdiction only when it was "properly invoked as of the time of filing." Shell Oil, 602 F.3d at 1226.  Because the Court concluded Plaintiffs' claims were "inherently unsuitable for class treatment," CAFA jurisdiction was not properly invoked when Plaintiffs filed their action.  Order at 7.  To circumvent this conclusion, Defendant asserts this Court actually found jurisdiction was properly invoked, since the Court noted "federal jurisdiction was proper while this case was a purported class action." Reply (dkt. 52) at 3 (citing Order at 7).  But Defendant's interpretation is incorrect.  The Court did not find that jurisdiction was properly invoked— indeed, the Court determined it was not.  Rather, the Court merely explained how the only "jurisdictional hook" for the "purported class action" no longer existed.  Order at 7 (emphasis added).  Defendant's motion to strike was the first opportunity for the Court to

3

analyze the proper invocation of subject matter jurisdiction after Plaintiffs filed their case. And, after striking the class allegations as inherently unsuitable, the Court concluded that jurisdiction was lacking ab initio.

Case law is in accord. The Shell Oil court explicitly recognized exceptions to the general rule of "once jurisdiction, always jurisdiction," such as "when there was no jurisdiction to begin with because the jurisdictional allegations were frivolous from the start." Shell Oil, 602 F.3d at 1092 n.3. The Ninth Circuit further clarified Shell Oil when it noted the case only applied to post-filing developments, such as "a failure of Rule 23 class certification that might defeat CAFA eligibility." Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1197 (9th Cir. 2016). It is a different story "when federal jurisdiction is absent from the commencement of a case," as here. Id. Other courts have also limited Shell Oil to removal cases, since the concern about "shuffling between state and federal systems" is not present in cases—such as this one—initially filed in federal court. See, e.g., Archer v. Carnival Corp. & PLC, 2021 WL 4798695, at *3 (C.D. Cal. May 14, 2021); Do v. First Fin. Sec., Inc., 2017 WL 11634363, at *5 (C.D. Cal. Nov. 2, 2017) (distinguishing Shell Oil as only applying to removal).

The Court's conclusion also coheres with CAFA's purpose. The whole point of the statute was to curb forum shopping and manipulation. Singh v. Am. Honda Fin. Corp., 925 F.3d 1053, 1067 (9th Cir. 2019) ("Congress enacted CAFA to curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts."). But under Defendant's interpretation of CAFA jurisdiction, enterprising plaintiffs could then abuse CAFA to guarantee a federal forum. Sham class allegations would become the key to unlocking federal subject matter jurisdiction—regardless of the amount in controversy. As "[f]ederal courts are courts of limited jurisdiction," Congress could not have intended for CAFA to open up the federal forum in such a manner. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).

Accordingly, the Court finds Defendant has failed to demonstrate the Court's

dismissal for lack of subject matter jurisdiction was manifest error.

### B.     Judicial Economy

Because the Court did not commit manifest error, it would be more efficient for Plaintiffs to continue seeking appellate review.  As Plaintiffs note, the key question on appeal is whether their class allegations were inherently unsuitable—which is antecedent to subject matter jurisdiction.  Opp'n at 18.  That Plaintiffs state the "main issues on appeal will be whether the district court erred by striking the class allegations . . . and then compounded that error by dismissing Plaintiff's individual claims for lack of jurisdiction" is of no consequence.  Ninth Circuit Mediation Questionnaire (dkt. 52-2) at 2 (emphasis added).  Based on this language, Defendant asserts that amending or altering the judgment for lack of jurisdiction "will avoid the need for any appeal" by the parties.  Reply at 5.  But as discussed above, without proper class allegations, the Court lacks jurisdiction and appellate review is the only way the Court could regain jurisdiction.  Consequently, judicial economy favors denial of Defendant's motion.

### IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion.

**IT IS SO ORDERED.**

Dated:  November 6, 2025

CHARLES R. BREYER
United States District Judge

5